UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

CARLOS SPENCER/ISHWAN MASON,

                    Petitioner,          **MEMORANDUM AND ORDER**

         - against -                     09 Civ. 5191 (NRB)
                                         06 Cr. 80    (NRB)
UNITED STATES OF AMERICA,

                    Respondent.
---------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     On February 13, 2008, petitioner Carlos Spencer pled guilty
to a conspiracy to distribute 1,000 kilograms and more of
marijuana, in violation of 21 U.S.C. §§ 812, 841, 846, and
possession of a firearm in furtherance of the above conspiracy,
in violation of 18 U.S.C. § 924(c).  This Court subsequently
sentenced Spencer to consecutive mandatory minimum sentences of
120 months imprisonment on the conspiracy conviction and 60
months imprisonment on the firearm conviction.

     Presently before the Court is Spencer's motion, brought
pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct
his sentence on the grounds that the imposition of the
consecutive mandatory minimum sentence for the firearm offense
was prohibited by the Second Circuit's decision in United States
v. Williams, 558 F.3d 166 (2d Cir. 2009).  In his petition,
Spencer contends that his attorney provided ineffective

assistance by failing to make arguments that were later adopted by the Second Circuit in Williams.[1]  Because Williams has been abrogated by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010), and because petitioner received the mandatory minimum sentence for both his drug and firearm convictions, the motion is denied.

## PROCEDURAL HISTORY

Spencer filed the present motion on June 3, 2009.  On August 13, 2009, this Court granted a request from the government to adjourn the motion pending resolution of appellate proceedings in Williams.  On December 17, 2010, the government submitted a letter brief, arguing that the Supreme Court's decision in Abbott, abrogating Williams, requires the denial of Spencer's petition.  Spencer did not submit a response.

## DISCUSSION

### I. Standard of Review

Spencer's ineffective assistance of counsel claim is analyzed under the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, a "defendant claiming ineffective assistance must (1) demonstrate that his

---

[1] While Spencer does not explicitly state that his attorney failed to raise the Williams argument, the government has responded to his petition as though it raises an ineffective assistance of counsel claim, and we do the same.  The argument that Spencer contends that his counsel "failed to present" (see Pet. Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody) is one that was in fact made to the Court, i.e., that the Court should consider all of the factors set forth in 18 U.S.C. § 3553(a).  In any event, as explained below, Spencer's petition is denied because he received the lowest sentence permissible by statute.

counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 688, 693). "[T]he burden rests on the accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648, 658 (1984).

To satisfy the "performance" prong, "the record must demonstrate that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Wilson v. Mazzuca, 570 F.3d 490, 502 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 687) (internal quotation marks omitted). "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. In carrying out this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 699.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir.

2001); <u>United States v. Reiter</u>, 897 F.2d 639, 645 (2d Cir. 1990).

## II.  Analysis

### A. Section 924(c)

In relevant part, 18 U.S.C. § 924(c)(1)(A) provides:

> <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law</u>, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
>      (i) be sentenced to a term of imprisonment of not less than 5 years;
>      (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>      (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).  Where applicable, the minimum sentences prescribed by § 924(c)(1)(A) must be consecutive to any other term of imprisonment.  <u>See</u> 18 § 924(c)(1)(D)(ii); <u>United States v. Tejada</u>, 631 F.3d 614, 617 (2d Cir. 2011).

In <u>Williams</u>, the Second Circuit considered the introductory "except" clause to § 924(c)(1)(A) and held "that the mandatory minimum sentence under § 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum

sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168. On November 15, 2010 the Supreme Court abrogated <u>Williams</u> and held in <u>Abbott</u>, 131 S. Ct. at 23, that "a defendant is subject to a mandatory, consecutive sentence for a[n 18 U.S.C.] § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."

As the Second Circuit recently stated, the Supreme Court in <u>Abbott</u> "construed the 'any other provision of law' segment of the 'except' clause to apply <u>only</u> to statutes that provide a greater mandatory minimum sentence for an offense that embodies all the elements of a § 924(c) crime." <u>Tejada</u>, 631 F.3d at 619. Because Spencer's drug conspiracy conviction was not for conduct proscribed by § 924(c), his challenge to the consecutive mandatory sentence for his firearm conviction is foreclosed by <u>Abbott</u>. <u>See</u> <u>Tejada</u>, 631 F.3d at 619[2]; <u>U.S. v. De La Cruz</u>, 2011 WL 489827, at *1 (2d Cir. Feb. 14, 2011) (summary order).

---

[2] In <u>Tejada</u>, the Second Circuit concluded: "Because defendant does not stand convicted under both § 924(c) and another provision of law directed to conduct proscribed by § 924(c), he cannot claim the benefit of that statute's exception to its otherwise mandatory minimum consecutive sentence. The district court was statutorily obliged to impose a sentence of 60 months' imprisonment pursuant to § 924(c)(1)(A)(i) consecutive to the mandatory minimum sentence of 120 months' imprisonment for drug trafficking." 631 F.3d at 619.

Ultimately, Spencer received the minimum sentence permissible by statute.  Thus, he cannot show that he suffered prejudice.[3]

### CONCLUSION

For the foregoing reasons, the motion is denied.


Dated:     New York, New York
           March 30, 2011

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

[3] Spencer raises two other arguments in his petition.  First, he contends that the Court failed to adequately address all of the sentencing factors set forth in 18 U.S.C. § 3553(a), and thus that his sentence was unreasonable. Second, Spencer contends that he should have received a two-level downward departure because he will be subject to deportation at the end of his sentence.   Because Spencer received the minimum sentence permissible by statute (a sentence that was more than five years less than the minimum recommended sentence under the Federal Sentencing Guidelines), we need not address his arguments concerning the Guidelines' analysis.   Nevertheless, we note that "sentencing courts remain bound by the mandatory minimum sentences prescribed in the [statutes]."  Kimbrough v. United States, 552 U.S. 85, 107 (2007).  See also United States v. Samas, 561 F.3d 108, 110 (2d Cir. 2009) ("[A] district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a).").  Furthermore, "[t]he collateral effects of deportability . . . generally do not justify a departure from the Guidelines range."  United States v. Duque, 256 Fed. Appx. 436, 437 (2d Cir. 2007).

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Pro se Petitioner:

Carlos Spencer a/k/a Ishwan Mason
53401-054
FCI Fort Dix
P.O. Box 2000 West
Fort Dix, NJ 08640

Attorneys for Respondent:

Julian J. Moore, Esq.
John T. Zack, Esq.
Office of the U.S. Attorney
Criminal Division
1 St. Andrew's Plaza
New York, NY 10007