```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CARLOS SPENCER/ISHWAN MASON,

                    Petitioner,

         - against -                    MEMORANDUM AND ORDER

                                        09 Civ. 5191 (NRB)
UNITED STATES OF AMERICA,               06 Cr. 80    (NRB)

                    Respondent.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On February 13, 2008, petitioner Carlos Spencer ("petitioner" or "Spencer") pleaded guilty to conspiracy to distribute 1,000 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 812, 841, and 846, and possession of a firearm in furtherance of the above conspiracy, in violation of 18 U.S.C. § 924(c).  This Court subsequently sentenced Spencer to consecutive terms of imprisonment of 120 months on the conspiracy count and 60 months on the firearm count, which were the minimum sentences permissible by statute.

On June 3, 2009, Spencer filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Citing United States v. Williams, 558 F.3d 166 (2d Cir. 2009), Spencer argued that he received ineffective assistance of counsel because his attorney failed to object to the imposition

of a consecutive sentence for the firearm offense. On March 30, 2011, we denied Spencer's motion because Williams had been abrogated by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010). See Spencer v. United States, Nos. 09 Civ. 5191 (NRB), 06 Cr. 80 (NRB), 2011 WL 1346833 (S.D.N.Y. Mar. 30, 2011).

On July 26, 2012, Spencer filed a motion seeking relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure or, alternatively, a writ of audita querela. See Pet'r Mot. 1. Spencer asserts four grounds for relief. His first ground reprises the argument that we rejected in denying his original habeas petition: that counsel was ineffective for not objecting to the consecutive terms of imprisonment imposed at sentencing.[1] Pet'r Mot. 8-11. The second through fourth grounds each present a new theory for why, during the period leading up to his sentencing, Spencer received ineffective assistance of counsel. The second asserted ground is that Spencer's counsel failed to object to his indictment, which allegedly did not specify the type of controlled substance he was charged with distributing. Id. at 11-15. The third ground is that his attorney allegedly failed to advise him that, by

---

[1] The only apparent difference between Spencer's present ineffective assistance claim and his previous claim is that, instead of relying on United States v. Williams, 558 F.3d 166 (2d Cir. 2009), he now relies on United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). Like Williams, however, Whitley was abrogated by Abbott.

pleading guilty, he was waiving his right to have the government prove the identity of the controlled substance beyond a reasonable doubt at trial.  Id. at 15-20.  Finally, Spencer's fourth ground is that his counsel failed to inform him that, as a result of pleading guilty, he not only would be deported from the United States, but also would be prohibited from reentering the country.  Id. at 20-22.

   None of the four asserted grounds entitle Spencer to relief.  To start, the writ of audita querela is not appropriate here.  As the Second Circuit has explained: "A writ of audita querela is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally limited to cases where 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'"  Persico v. United States, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007)).  The writ "is generally not available to review a criminal conviction when the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion," id., although it "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244 — if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255," id. at 26

(alteration in original) (quoting Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997)) (internal quotation marks omitted).  Here, the grounds for relief asserted by Spencer could have been (and, in part, were) asserted in a habeas corpus application pursuant to section 2255, and there is otherwise no basis for granting the extraordinary remedy of the writ of audita querela.

Spencer is also not entitled to relief pursuant to Rule 60(b).  Under Second Circuit precedent, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  Here, however, each of Spencer's asserted grounds for relief attack his underlying criminal conviction and sentence, not the integrity of the original habeas proceeding.[2]

---

[2] Spencer also argues that "[t]his Court's August 22, 2008 judgment was rendered without first giving the petitioner any Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), warning, diminishing any opportunity to make corrections, supplement, amend, or know about the successive petition rule." Pet'r Mot. 8.  To the extent that this argument challenges the judgment filed on August 22, 2008, it attacks Spencer's underlying criminal conviction and sentence and thus, for the reasons discussed above, does not warrant relief pursuant to the writ of audita querela or Rule 60(b).  To the extent that Spencer intended this argument to challenge our March 30, 2011, Memorandum and Order denying his original habeas petition, the argument is meritless.  Castro held that "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion," the court:

> must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the

In such a situation, a district court has two procedural options: the court may "treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification,"[3] or it may "simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'"  Id. at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)); see also 28 U.S.C. § 1631 (2006); Torres v. Senkowski, 316 F.3d 147, 151–52 (2d Cir. 2003).  In choosing between these options, we are mindful of two adverse consequences to Spencer that would result from treating his motion as a second or successive habeas petition: first, the motion "[would] be assessed against the strict standards of section 2244 for obtaining leave from a court of appeals to file a second or successive collateral attack" and, second, the motion, as well as similar future motions, "[would] be subject to denial on the ground of 'abuse of the writ,' i.e., filing

---

> restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.  In our March 30, 2011, Memorandum and Order, however, we did not need to recharacterize Spencer's motion because Spencer had framed it as a habeas petition.  Thus, Castro's holding was inapplicable.

[3] The Antiterrorism and Effective Death Penalty Act of 1996 prohibits a prisoner from filing a "second or successive" habeas corpus application in federal district court without first "mov[ing] in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A) (2006), and absent such authorization, a district court does not have jurisdiction to consider the application, see Burton v. Stewart, 549 U.S. 147, 153 (2007).

repetitive and insubstantial collateral attacks." Gitten, 311 F.3d at 532.  Because of these adverse consequences, the Second Circuit has admonished district courts to

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to [the Circuit] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

Harris, 367 F.3d at 82 (quoting Gitten, 311 F.3d at 534).

In light of this guidance, we will afford petitioner thirty (30) days in which to notify this Court in writing that he wishes to withdraw his motion rather than have it treated as a second or successive habeas petition.  If Spencer does not inform us of his intent within thirty (30) days, we shall transfer his motion to the Second Circuit for possible certification as a second or successive habeas petition.

This Memorandum and Order resolves docket entry no. 8 (09 Civ. 5191).

SO ORDERED.


Dated:   New York, New York
         May 30, 2013

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Petitioner:

Carlos Spencer a/k/a Ishwan Mason
53401-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Attorneys for Respondent:

Julian J. Moore, Esq.
John T. Zach, Esq.
U.S. Attorney's Office, SDNY
1 St. Andrew's Plaza
New York, NY 10007